IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUINTUS CORPORATION, *et al.*,, | ) | Case No. 01-00501 through |
| | ) | Case No. 01-00503 (MFW) |
| Debtors, | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |
| | ) | |
| QUINTUS CORPORATION, | ) | |
| MUSTANG.COM, INC., and ACUITY | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 04-53074 (MFW) |
| | ) | |
| v. | ) | |
| | ) | |
| AVAYA, INC., | ) | Re: Docket Nos. 120 and 121 |
| | ) | |
| Defendant. | ) | |

**AVAYA INC.'S DESIGNATION OF ITEMS FOR RECORD ON
APPEAL AND STATEMENT OF ISSUES ON APPEAL**

Avaya, Inc. ("Avaya"), by and through its counsel Sidley Austin LLP, and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby designates the items to be included in the record and sets forth the statement of issues on its appeal from (i) *Order granting in part the Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for Spoliation of Evidence, granting in part Avaya's Motion for Partial Summary Judgment, and entering judgment in favor of Plaintiffs* (D.I. 121) and (ii) *Opinion accompanying Order granting in part Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for Spoliation of Evidence, granting in part Avaya's Motion for Partial Summary*

*Judgment, and entering judgment in favor of Plaintiffs* (D.I. 120), both entered by the Bankruptcy Court on October 30, 2006. This Designation of Items for Record on Appeal is timely pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure.

**I.     Designation of Items for Record on Appeal.**

| Docket No. | Filing / Entry Date | Document Name |
|---|---|---|
| 87 | March 17, 2006 | Avaya's Motion for Partial Summary Judgment |
| 88 | March 17, 2006 | Avaya's Statement of Undisputed Facts |
| 89 | March 17, 2006 | Opening Brief in Support of Avaya's Motion for Partial Summary Judgment |
| 90 | March 17, 2006 | Appendix filed by Avaya in Support of its Motion for Partial Summary Judgment |
| 91 | March 17, 2006 | Chapter 11 Trustee's Motion for Sanctions for Spoliation of Evidence |
| 92 | March 17, 2006 | Opening Brief in Support of Chapter 11 Trustee's Motion for Sanctions for Spoliation of Evidence |
| 93 | March 17, 2006 | Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 94 | March 17, 2006 | Opening Brief in Support of Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 98 | April 3, 2006 | Avaya's Opposition to Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 99 | April 3, 2006 | Appendix in Support of Avaya's Opposition to Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 100 | April 3, 2006 | Avaya's Opposition to Chapter 11 Trustee's Motion for Sanctions for Spoliation of Evidence |
| 101 | April 3, 2006 | Chapter 11 Trustee's Opposition to Avaya's Motion for Partial Summary Judgment |
| 102 | April 28, 2006 | Avaya's Reply Brief in Further Support of its Motion for Partial Summary Judgment |
| 104 | April 28, 2006 | Chapter 11 Trustee's Reply Brief in Further Support of its Motion for Sanctions for Spoliation of Evidence |
| 105 | April 28, 2006 | Chapter 11 Trustee's Reply Brief in Further Support of its Motion for Partial Summary Judgment |
| 116 | October 3, 2006 | Chapter 11 Trustee's Motion for Leave to File Supplement Relating to Opening and Reply Briefs in Support of Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 119 | October 20, 2006 | Avaya's Answering Brief to the Chapter 11 Trustee's Motion for Leave to File Supplement Relating to Opening and Reply Briefs in Support of Chapter 11 Trustee's Motion for Partial Summary Judgment |

| Docket No. | Filing / Entry Date | Document Name |
|---|---|---|
| 120 | October 30, 2006 | Opinion granting in part Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for Spoliation of Evidence, granting in part Avaya's Motion for Partial Summary Judgment, and entering judgment in favor of Plaintiffs |
| 121 | October 30, 2006 | Order granting in part Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for Spoliation of Evidence, granting in part Avaya's Motion for Partial Summary Judgment, and entering judgment in favor of Plaintiffs |
| 122 | November 8, 2006 | Avaya's Notice of Appeal |

II.  **Statement of Issues Presented on Appeal.**

The issues on appeal from the Bankruptcy Court's Opinion and Order granting in part the Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for the Spoliation of Evidence and granting only in part Avaya's Motion for Partial Summary Judgment, are as follows:

1.  Did the Bankruptcy Court err in determining that there was an intentional destruction of documents which established a sufficient basis for a spoliation inference and the penalties imposed, particularly where there was no evidence that the person responsible for such destruction did so with any awareness of possible litigation, there was evidence that all material trade payables assumed had been paid as of June 30, 2001, and there was no evidence that Avaya would have anticipated litigation over payment of any additional amounts?

2.  Did the Bankruptcy Court err in concluding that the Trustee was prejudiced by the loss of certain business records, and for that reason in imposing sanctions for spoliation, even though, among other things, Avaya produced in discovery accounting records that set forth each and every unpaid payable that was accrued or recorded in Debtors' books as of April 20, 2001 and payment records that reflected the payment of assumed liabilities through June 30, 2001, and

3

the unrefuted testimony established that the total amount of liabilities that were accrued or recorded on Debtors' books – i.e., liabilities that Avaya assumed under the parties' contract – was reflected on an April 20, 2001 schedule that was produced in discovery.

3. Did the Bankruptcy Court err in determining that Avaya was contractually obligated to retain records generated after Debtors' books and records were transferred to Avaya that reflected the payment of liabilities Avaya assumed under the parties' contract?

4. Did the Bankruptcy Court err in establishing a penalty for alleged spoliation which, among other things, resulted in a damage award in excess of any amount that Avaya assumed and included an amount for damages resulting from an alleged breach of a separate letter agreement the issue of which was not properly before the Bankruptcy Court?

5. Particularly in light of the Bankruptcy Court's conclusion "that Avaya assumed only obligations that were reflected on the Debtors' books and records" (Opinion at 20, D.I. 121) and did not include "incurred" liabilities that were not reflected on the Debtors' books, did the Bankruptcy Court err in (i) interpreting the parties' contract to mean that obligations of the Debtors could be assumed by Avaya *after* the closing of the acquisition of assets, especially because those obligations would, if at all, have been accrued or recorded after closing on the books and records of *Avaya* (i.e., books and records that Avaya had already acquired from Debtors); (ii) holding that invoices received from vendors constitute Debtors' books and records, even though, among other things, accounting entries are not made on invoices; and (iii) holding that Avaya assumed the amounts claimed by vendors in connection with Debtors' bankruptcy even when Avaya disagreed with those amounts and a lesser amount had been recorded in Debtors' books and records?

6. Did the Bankruptcy Court err in concluding that Avaya assumed all liabilities listed on Debtors' bankruptcy schedules?

7. Did the Bankruptcy Court err in resolving disputed issues of fact against Avaya in violation of the standards governing the motions?

8. Did the Bankruptcy Court err in ignoring or failing to give appropriate consideration to the evidence, often uncontradicted, that supported Avaya's contentions and/or contradicted the Chapter 11 Trustee's position, including, without limitation, the accounting records that set forth all unpaid payables that had been accrued or recorded in the Debtors' books and records as of April 20, 2001, documentation reflecting the payment of liabilities that Avaya assumed, and unrefuted testimony that established that all of the liabilities Avaya assumed were reflected on a schedule of assumed liabilities prepared on April 20, 2001 and that the intent of the parties was that liabilities had to be accrued or recorded before the closing of the transaction to constitute assumed liabilities?

Dated: November 20, 2006

Respectfully submitted,

By: _____
Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, PA
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19806
(302) 656-4433

- and -

James D. Arden
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorneys for Defendant Avaya, Inc.*

## CERTIFICATE OF SERVICE

I, Jeffrey S. Goddess, hereby certify that on November 20, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants. I further certify that I caused a copy of the foregoing document to be served upon the following persons in the manner indicated:

**Hand Delivery**
(Official Committee of Unsecured Creditors)
Christopher A. Ward, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130

**First Class Mail**
(Official Committee of Equity Security
  Holders)
J. Mark Chevallier, Esquire
McGuire, Craddock & Strother, P.C.
Lincoln Plaza, Suite 3550
500 North Akard
Dallas, TX 75201

**First Class Mail**
(Official Committee of Equity Security
  Holders)
Thomas E. Biron, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103

**Hand Delivery**
Kimberly E.C. Lawson, Esquire
Reed Smith LLP
1201 Market Street #1500
Wilmington, DE 19801-1163

**Hand Delivery**
Richard Schepacarter, Esquire
Office of the U.S. Trustee
844 King Street, Room 2311
Wilmington, DE 19801

**First Class Mail**
Michael S. Etkin, Esquire
Ira M. Levee, Esquire
Lowenstein Sandler PC
65 Livington Avenue
Roseland, NJ 07068

**Hand Delivery**
(Official Committee of Equity Security
  Holders)
Bonnie Glantz Fatell, Esquire
Blank Rome LLP
1201 Market Street #800
Wilmington, DE 19801-4226

_____
Jeffrey S. Goddess (Del. Bar No. 630)
Jessica Zeldin (Del. Bar No. 3558)
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com
(302) 656-4433