**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| QUINTUS CORPORATION, *et al.*,[1] | : | Case No. 01-00501 (MFW) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| _____ | : | |
| | : | |
| AVAYA, INC. | : | |
| | : | |
| Appellant/Defendant, | : | C.A. No. 06-769 (SLR) |
| | : | |
| v. | : | Adv. Proc. No. 04-53074 (MFW) |
| | : | |
| KURT F. GWYNNE, CHAPTER 11 | : | |
| TRUSTEE, | : | |
| | : | |
| Appellee/Plaintiff. | : | |
| _____ | : | |

**MOTION OF CHAPTER 11 TRUSTEE FOR LEAVE TO FILE SUR-REPLY**
**IN RESPONSE TO REPLY BRIEF OF DEFENDANT AVAYA IN SUPPORT**
**OF ITS APPEAL FROM AN ORDER OF THE BANKRUPTCY COURT**

Pursuant to Fed.R.Bankr.P. 8011(a), Kurt F. Gwynne, Chapter 11 Trustee (the

"Trustee"), by and through his undersigned counsel, moves this Court for leave to file a sur-reply

to the Reply Brief of Defendant Avaya in Support of its Appeal from an Order of the Bankruptcy

Court (D.I. 11).  In support of this Motion, the Trustee respectfully states as follows:

1.    Federal Rule of Bankruptcy Procedure 8011(a) provides that "[a] request for an

order or other relief shall be made by filing ... a motion for such order or relief ...."

Fed.R.Bankr.P. 8011(a).

---

[1]    The Debtors are the following entities:  Quintus Corporation, Mustang.com, Inc., and
Acuity Corp.

2.      The Trustee requests permission to file a sur-reply in order to address certain

inaccuracies in the Reply Brief of Defendant Avaya in Support of its Appeal from an Order of

the Bankruptcy Court (the "Reply Brief").    A copy of the sur-reply is attached hereto as

Exhibit A.

3.      The Trustee believes that the sur-reply is necessary to rectify certain inaccuracies

in the Reply Brief and to assist this Court in understanding the issues on appeal.

WHEREFORE, the Trustee respectfully requests that this Court grant leave to the Trustee

to file the sur-reply.

Dated: June 11, 2007                      Respectfully submitted,
       Wilmington, Delaware
                                          REED SMITH LLP

                                  By:     /s/ Kimberly E. C. Lawson
                                          Kimberly E. C. Lawson (No. 3966)
                                          J. Cory Falgowski (No. 4546)
                                          1201 Market Street, Suite 1500
                                          Wilmington, DE  19801
                                          Telephone:  (302) 778-7500
                                          Facsimile:  (302) 778-7575
                                          E-mail: klawson@reedsmith.com

                                          Attorneys for Kurt F. Gwynne, Chapter 11 Trustee

WILLIB-54088.1-KELAWSON 6/11/07 12:15 PM

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

IN RE:                                      :        Chapter 11
                                            :
QUINTUS CORPORATION, *et al.*,[1]           :        Case No. 01-00501 (MFW)
                                            :        Jointly Administered
      Debtors.               :
                                            :
_____         :
                                            :
AVAYA, INC.                                 :
                                            :
      Appellant/Defendant,   :        C.A. No. 06-769 (SLR)
                                            :
    v.                        :
                                            :        Adv. Proc. No. 04-53074 (MFW)
KURT F. GWYNNE, CHAPTER 11                  :
TRUSTEE,                                    :
                                            :
      Appellee/Plaintiff.    :
_____         :

## SUR-REPLY BRIEF OF THE CHAPTER 11 TRUSTEE IN OPPOSITION TO AVAYA'S APPEAL FROM AN ORDER OF THE BANKRUPTCY COURT

Dated:  June 11, 2007
      Wilmington, Delaware

Kimberly E.C. Lawson (No. 3966)
J. Cory Falgowski (No. 4546)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575

Attorneys for Kurt F. Gwynne,
Chapter 11 Trustee

---

[1]    The Debtors are the following entities:  Quintus Corporation, Mustang.com, Inc., and Acuity Corp.

# TABLE OF CONTENTS

Page

ARGUMENT ........................................................................................................................ 1

    I.     Avaya Improperly Relies Upon Tardily-Produced Documents Excluded
        by the Bankruptcy Court .......................................................................................... 1

    II.    Avaya Incorrectly Claims that the Trustee Did Not Address Avaya's
        Argument Regarding the Claim of the State of Ohio ............................................ 3

    III.   Avaya was Required to Maintain the Information Contained
        on the Reformatted Server ...................................................................................... 4

CONCLUSION .................................................................................................................... 5

WILLIB-54108.1-KELAWSON 6/11/07 12:11 PM

**ARGUMENT**

I.      <u>Avaya Improperly Relies Upon Tardily-Produced Documents Excluded by the
        Bankruptcy Court</u>

In its Opening Brief and Opening Appendix[2], Avaya asked this Court to consider

belatedly-produced documents in ruling on the appeal[3]. (*See* Opening Brief at 13-14 and 31 and

Opening Appendix at 139-146). In his Answering Brief[4], the Trustee opposed Avaya's use of

such documents. (*See* Answering Brief at 24-25). In its Reply Brief and Reply Appendix[5],

Avaya again attempts to rely on the belatedly-produced documents in support of its arguments on

appeal. (*See* Reply Brief at 9, footnote 5 at 9, 17 and 18 and Reply Appendix at C-1-11).

Avaya argues that it "never sought to use the 'belatedly-produced documents.'" (Reply Brief at

---

[2]     On April 9, 2007, Avaya filed its Opening Brief of Defendant Avaya in Support of its Appeal from an
        Order of the Bankruptcy Court (the "<u>Opening Brief</u>") (D.I. 7) and Appendix to Opening Brief of
        Defendant Avaya in Support of its Appeal from an Order of the Bankruptcy Court (the "<u>Opening
        Appendix</u>") (D.I. 8).

[3]     In the Reply Brief, Avaya notes that the Trustee cites to deposition testimony of Mr. Thompson that
        was not included in the Bankruptcy Court record. The cite on page 15 of the Answering Brief "and
        Mr. Thompson also testified that when a liability was paid, it was transferred out of the Aged
        Payable Ledger into another sub-ledger of the General Ledger" was inadvertently cited to Mr.
        Thompson, when the cite should have been Nguyen Trans. at 33:7-8, which was a part of the
        Bankruptcy Court record. As for the remaining citations to Mr. Thompson's testimony that Avaya
        argues were not part of the Bankruptcy Court record, those statements and arguments are all
        supported by and cited to other evidence that was included in the Bankruptcy Court record.
        Therefore, the arguments and evidence were included in the Bankruptcy Court record and are
        properly before this Court.

[4]     On May 9, 2007, the Trustee filed the Answering Brief of the Chapter 11 Trustee in Opposition to
        Avaya's Appeal from an Order of the Bankruptcy Court (the "<u>Answering Brief</u>") (D.I. 9) and the
        Appendix to Answering Brief of the Chapter 11 Trustee in Opposition to Avaya's Appeal from an
        Order of the Bankruptcy Court (the "<u>Answering Appendix</u>") (D.I. 10).

[5]     On May 23, 2007, Avaya filed the Reply Brief of Defendant Avaya in Support of its Appeal from an
        Order of the Bankruptcy Court (the "<u>Reply Brief</u>") (D.I. 11) and Appendix to Reply Brief of
        Defendant Avaya in Support of its Appeal from an Order of the Bankruptcy Court (the "<u>Reply
        Appendix</u>") (D.I. 12).

WILLIB-54108.1-KELAWSON 6/11/07 12:11 PM

18). However, the documents presented to the Bankruptcy Court and this Court by Avaya clearly and unequivocally contradicts this statement.

In the Bankruptcy Court proceeding, the deadline for completion of fact discovery was October 31, 2005 (Adv. D.I. 35[6]), except for depositions, which were to be completed by December 30, 2005 (Adv. D.I. 75). On February 8, 2006, over three (3) months *after* the close of document discovery and one (1) month *after* the close of deposition discovery, Avaya produced approximately 2,800 pages of additional documents. (*See* App. B-4[7]). As stated in the February 8, 2006 letter, the documents produced bore "production numbers 01592-04373." Therefore, any document bearing a production number greater that 01591 was belatedly produced by Avaya.

In its Spoliation Brief[8], Avaya relied upon the belatedly-produced documents to supports its arguments against the imposition of a spoliation sanction. (*See* Spoliation Brief at 4 and 9 and Avaya Appendix at B-263-270). Avaya again relied upon the belatedly-produced documents to support its arguments against the imposition of a spoliation sanction in its Sur-Reply Motion[9]. (*See* Sur-Reply Motion, Exhibit A at 6 and footnote 6 at 6-7[10]). The Trustee successfully argued

---

[6]   References to docket items in *Quintus Corporation, et al. v. Avaya, Inc.*, Adversary Proceeding No. 04-53074 (MFW) shall be hereinafter referred to as "Adv. D.I."

[7]   References to "App. B_" shall refer to the Appendix to Answering Brief of the Chapter 11 Trustee in Opposition to Avaya's Appeal From an Order of the Bankruptcy Court (D.I. 10).

[8]   On April 3, 2006, Avaya filed the Answering Brief of Defendant Avaya, Inc. in Opposition to Chapter 11 Trustee's Motion for Sanctions for Spoliation of Evidence (the "Spoliation Brief") (Adv. D.I. 100) and Appendix in Support of the Answering Briefs of Defendant Avaya, Inc. in Opposition to Chapter 11 Trustee's Motion for Partial Summary Judgment and Motion for Sanctions for Spoliation of Evidence (the "Avaya Appendix") (Adv. D.I. 99).

[9]   On April 10, 2006, Avaya filed Avaya, Inc.'s Motion for Leave to File Sur-Reply in Response to Certain New Matters First Appearing in the Reply Brief of the Chapter 11 Trustee on his Motion for Sanctions for Spoliation (the "Sur-Reply Motion") (Adv. D.I. 114).

[10]   In fact, Exhibits 2, 3, 4 and 10 to Exhibit A of the Sur-Reply Motion are all belatedly-produced documents.

WILLIB-54108.1-KELAWSON 6/11/07 12:11 PM

that Avaya could not fairly rely upon such selectively and belatedly-produced documents. (*See* Response at 9-13[11]). After considering the various motions and briefs, the Bankruptcy Court held that Avaya could not "selectively preserve 'relevant' documents and only present those that it finds favorable to its case, at a time when it finds it convenient." (Opinion at 29[12]). Avaya did not appeal this decision by the Bankruptcy Court.

Nevertheless, in this appeal, Avaya attempts to rely upon the selectively and belatedly-produced documents that were excluded by the Bankruptcy Court. (*See* Opening Brief at 13-14 and 31 and Opening Appendix at 139-146; *See also* Reply Brief at 9, footnote 5 at 9, 17 and 18 and Reply Appendix at C-1-11). Because those documents were specifically excluded by the Bankruptcy Court and Avaya did not appeal that decision, this Court should not consider those documents in ruling on this appeal.

II.    Avaya Incorrectly Claims that the Trustee Did Not Address Avaya's Argument Regarding the Claim of the State of Ohio

In the Reply Brief, Avaya argues that "the Trustee does not even address the fact that he and the Equity Committee relied on such information in arguing … that a tax claim filed by the State of Ohio 'was grossly disproportionate with the amount listed in Debtors' Books and Records as being due and owing in Ohio.'" (Reply Brief at 2). This argument is without merit as the Trustee specifically addressed this issue in his Answering Brief. (*See* Answering Brief at 36, footnote 19). Moreover, the State of Ohio filed The State of Ohio, Department of Taxation's Response and Memorandum in Opposition to Equity Committee's Objection to Claim Filed by the State of Ohio Pursuant to 11 U.S.C. § 502 and Fed.R.Bankr.P. 3007 (the "Response"). (*See*

---

[11]    On May 22, 2006, the Trustee filed the Chapter 11 Trustee's (I) Response to Avaya, Inc.'s Amended Motion for Leave to File Sur-Reply in Response to Certain New Matters First Appearing in the Reply Brief of the Chapter 11 Trustee on his Motion for Sanctions For Spoliation and (II) Response to Avaya's Contentions in the Sur-Reply Brief (the "Response") (Adv. D.I. 115).

[12]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Answering Brief.

WILLIB-54108.1-KELAWSON 6/11/07 12:11 PM

*In re: Quintus Corporation, et al.*, Case No. 01-00501 (MFW) Bankr. D.I. 1558[13]).  In the Response, the State of Ohio specifically argues that the "Debtors, the Trustee ... and the Equity Committee have failed to provide any of Debtors' relevant records ...." (Response at 2).  The State of Ohio further argues that the Equity Committee "must produce the taxpayer's records ... demonstrating the correct amount" and "... what the Debtors' tax liability actually is." (Response at 2).  The Response also states that "bare allegations are insufficient" and that the "Equity Committee has the burden of demonstrating, not just that Tax's estimate could be different, but what Debtors' actual liability is.  Otherwise, the estimate must stand." (*See* Response at 2).  Based upon the Response, it is clear that although the Equity Committee used information from a single, isolated one-page document produced by Avaya to support the objection, the State of Ohio believes that the documentation is insufficient to successfully disallow the State of Ohio's claim.  The Equity Committee continues to make additional attempts to obtain documentation and information sufficient to address the Response.  However, the documentation produced by the Equity Committee to date still has not satisfied the State of Ohio.  Therefore, Avaya's reliance on that objection to support its argument that its production to the Trustee was sufficient is unsupported.

     III.   <u>Avaya was Required to Maintain the Information Contained on the Reformatted Server[14]</u>

     Avaya argues that the "lost records were created by Mr. Thompson and M[s]. Nguyen in connection with their responsibilities as Avaya employees and therefore do not fall within the

---

[13]    References to docket items in *In re: Quintus Corporation, et al.*, Case No. 01-00501 (MFW) shall be hereinafter referred to as "<u>Bankr. D.I.</u>"

[14]    Avaya argues that the Trustee "overlooks" the de novo standard of review. (Reply Brief at 3).  The Trustee does not dispute that a de novo standard of review applies to the Bankruptcy Court's legal determinations.  However, the standard of review for the decision of the Bankruptcy Court to sanction Avaya pursuant to Rule 37, made applicable to adversary proceedings by Bankruptcy Rule 7037, is an <u>abuse of discretion</u> standard.

scope of Section 5.05 of the APA." (*See* Reply Brief at 16, footnote 13).    Avaya misses the point with this argument.    The server that was reformatted was the server that contained the Debtors' entire accounting system that existed prior to the Sale.    (Nguyen Trans. at 14:2-15:4 (App. B-47), 17:1-9 (App. B-48), 26:18-23 (App. B-47), 26:8-28:9 (App. B-47), 29 (App. B-48)).    The mere fact that Mr. Thompson and Ms. Nguyen continued to use the same server after the Sale to record information as Avaya employees is of no import and does not somehow relieve Avaya of its obligation to maintain the server pursuant to Section 5.05 of the APA.    Therefore, when Avaya reformatted the server, it destroyed not only the records Avaya created after the sale, but the entire pre-Sale accounting system of the Debtors.    It is the pre-Sale accounting system of the Debtors that Avaya was obligated to preserve under Section 5.05 of the APA.    And it is the pre-Sale accounting system of the Debtors that Avaya destroyed.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court affirm the Bankruptcy Court's Opinion and Order.

Dated: June 11, 2007
       Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:    /s/ Kimberly E. C. Lawson
       Kimberly E.C. Lawson (No. 3966)
       J. Cory Falgowski (No. 4546)
       1201 Market Street, Suite 1500
       Wilmington, DE  19801
       Telephone:  (302) 778-7500
       Facsimile:  (302) 778-7575

       Attorneys for Kurt F. Gwynne,
       Chapter 11 Trustee

WILLIB-54108.1-KELAWSON 6/11/07 12:11 PM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| QUINTUS CORPORATION, *et al.*,[1] | : | Case No. 01-00501 (MFW) |
| | : | Jointly Administered |
| Debtors. | : | |
| ——————————————— | : | |
| | : | |
| AVAYA, INC. | : | |
| | : | C.A. No. 06-769 (SLR) |
| Appellant/Defendant, | : | |
| | : | |
| v. | : | Adv. Proc. No. 04-53074 (MFW) |
| | : | |
| KURT F. GWYNNE, CHAPTER 11 | : | |
| TRUSTEE, | : | |
| | : | |
| Appellee/Plaintiff. | : | |
| ——————————————— | : | |

**ORDER GRANTING CHAPTER 11 TRUSTEE LEAVE TO FILE SUR-REPLY**
**IN RESPONSE TO REPLY BRIEF OF DEFENDANT AVAYA IN**
**SUPPORT OF ITS APPEAL FROM AN ORDER OF THE BANKRUPTCY COURT**

Upon consideration of the Motion of Chapter 11 Trustee for Leave to File Sur-reply in

Response to Reply Brief of Defendant Avaya in Support of Its Appeal from an Order of the

Bankruptcy Court (the "Motion") and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Trustee may file the sur-reply attached to the Motion.

Dated: _____, 2007

_____
SUE L. ROBINSON
CHIEF UNITED STATES DISTRICT COURT JUDGE

———————————————

[1]    The Debtors are the following entities:  Quintus Corporation, Mustang.com, Inc., and
Acuity Corp.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| QUINTUS CORPORATION, *et al.*,[1] | : | Case No. 01-00501 (MFW) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | |
| AVAYA, INC. | : | |
| | : | C.A. No. 06-769 (SLR) |
| Appellant/Defendant, | : | |
| | : | |
| v. | : | Adv. Proc. No. 04-53074 (MFW) |
| | : | |
| KURT F. GWYNNE, CHAPTER 11 | : | |
| TRUSTEE, | : | |
| | : | |
| Appellee/Plaintiff. | : | |

## CERTIFICATE OF SERVICE

I, Kimberly E. C. Lawson, Esquire, hereby certify that on this 11th day of June 2007, I caused a true and correct copy of the *Motion of Chapter 11 Trustee for Leave to File Sur-Reply in Response to Reply Brief of Defendant Avaya in Support of its Appeal from an Order of the Bankruptcy Court* to be served upon the addressees on the attached service list in the manner indicated.

By:     /s/ Kimberly E. C. Lawson
Kimberly E. C. Lawson (No. 3966)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

---

[1]    The Debtors are the following entities:  Quintus Corporation, Mustang.com, Inc., and Acuity Corp.

**Quintus/Avaya**
**Adversary No. 04-53074 (MFW)**
**Service List**
**Doc. #48363**

**Hand Delivery**
(Official Committee of Unsecured Creditors)
Christopher A. Ward, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130

**First Class Mail**
(Official Committee of Equity Security Holders)
J. Mark Chevallier, Esquire
McGuire, Craddock & Strother, P.C.
Lincoln Plaza, Suite 3550
500 North Akard
Dallas, TX 75201

**First Class Mail**
(Official Committee of Equity Security Holders)
Thomas E. Biron, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103

**First Class Mail**
James D. Arden, Esquire
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

**Hand Delivery**
Richard Schepacarter, Esquire
Office of the U.S. Trustee
844 King Street, Room 2311
Wilmington, DE 19801

**First Class Mail**
Michael S. Etkin, Esq.
Ira M. Levee, Esq.
Lowenstein Sandler PC
65 Livington Ave.
Roseland, NJ 07068

**Hand Delivery**
(Official Committee of Equity Security Holders)
Bonnie Glantz Fatell, Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801-4226

**Hand Delivery**
Jeffrey S. Goddess, Esquire
Rosenthal, Monhait & Goddess, P.A.
Citizens Bank Building, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070

**First Class Mail**
Paul diMaio, Esq.
Avaya, Inc.
Room 3C722
211 Mt. Airy road
Basking Ridge, NJ 07920-0012