# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------    :

IN RE: QUINTUS CORPORATION, et al.    :

--------------------------------------------------------    :

:    C.A. No. 06-769 (SLR)

AVAYA INC.    :

:    Bankruptcy Case Nos. 00-01-00501

Appellant,    :    through 001-00503 (MFW)

:    Adv. 04-53074

v.    :

:

KURT F. GWYNNE, Chapter 11 Trustee,    :

:

Appellee.    :

-------------------------------------------------------    :

### APPELLANT'S OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO REPLY BRIEF OF DEFENDANT AVAYA IN SUPPORT OF ITS APPEAL FROM AN ORDER OF THE BANKRUPTCY COURT

Defendant-Appellant Avaya Inc. ("Avaya") respectfully submits this opposition to the Chapter 11 Trustee's motion for leave to file a sur-reply with respect to Avaya's appeal.[1]

District of Delaware Local Rules do not provide for the filing of sur-replies. See D. Del. L.R. 7.1.2(c).[2] Courts in this district have allowed leave to file a sur-reply in the rare circumstance "in order to allow [the movant] an adequate opportunity to respond to [] new allegations." Eaton Corp. v. Rockwell Int'l. Corp., No. C.A. 97-421-JJF, 2000 U.S. Dist. LEXIS 21210, at *6 (D. Del. Nov. 7, 2000). Where, as here, no new arguments were raised in a reply brief, leave to file a sur-reply should be denied. See, e.g., Millet v. Truelink, Inc., Civ. No. 05-599-SLR, 2006 U.S. Dist. LEXIS 63875, at *1 n.1 (D. Del. Sept. 7, 2006) (denying plaintiff's

---

[1] The Motion, which is non-dispositive, was not accompanied by "a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion" as required by D. Del. L.R. 7.1.1. See also Bayer AG v. Housey Pharm., Inc., No. Civ. A. 01-148-SLR, 2002 WL 31433303, at *2 (D. Del. June 20, 2002) (denying motion to motion to compel because it lacked statement pursuant to D. Del. 7.1.1).

[2] In contrast, unlike a sur-reply, the District of Delaware Local Rules permit submission of new authority, as Avaya submitted on June 14, 2007. See D. Del. L.R. 7.1.2(c).

motion to file a sur-reply where defendant did not raise new arguments in its reply brief); In re

Valley Media, Inc., 338 B.R. 605, 608 (D. Del. 2006) (same).  None of the three arguments

identified in the Sur-Reply is in response to "new" arguments made by Avaya and the Motion

should be denied.[3]

        First, the Trustee argues that Avaya "asked this Court to consider belatedly-

produced documents in ruling on the appeal" and that "Avaya did not appeal" the  Bankruptcy

Court's decision to exclude these documents.  (Sur-Reply at 1-3.)  Contrary to the Trustee's bald

assertion, Avaya appealed the Bankruptcy Court's Opinion "granting the Chapter 11 Trustee's

Motion for Sanctions" (Op. Br. at 1), which should not have been granted without a showing of

prejudice resulting from the spoliation of evidence.  See Schmid v. Milwaukee Electric Tool

Corp., 13 F.3d 76, 79 (3d Cir. 1994).[4]  In any event, in the Answering Brief, the Trustee made

the same argument he seeks to advance in the Sur-Reply (see Ans. Br. at 7, 24-26); only his

request that the Court not consider documents relied upon by Avaya in its Opening Brief is new.

(See Sur-reply at 3.)  A sur-reply cannot be sought to assert arguments that were or could have

been made in prior papers.

        Second, the Sur-Reply simply restates arguments that "the Trustee specifically

addressed … in his Answering Brief" (Sur-Reply at 3) concerning a tax claim of the State of

Ohio, to which the Equity Committee and Trustee filed a formal objection.  (See Ans. Br. at 36,

n.19; Reply Br. at 17, 19.)  His attempt to repeat the same argument is unavailing, as he does not

address, much less retract, his statement that the Ohio tax claim was not reflected in Debtors'

---

[3]     All defined terms are used as in Avaya's Opening Brief and Reply Brief.  The "Reply Brief of Defendant
Avaya in support of its Appeal from an Order of the Bankruptcy Court" is referred to as "Reply Brief" or "Reply
Br."  The "Sur-Reply Brief of the Chapter 11 Trustee in Opposition to Avaya's Appeal from an Order of the
Bankruptcy Court" is referred to herein as "Sur-Reply."

[4]     It is noteworthy that even in the proposed sur-reply the Trustee is unable to identify any prejudice resulting
from the non-production or belated production of documents.

books and records.  (See Op. Br. at 32.)  In any event, his acknowledgement that "the Trustee specifically addressed this issue in his Answering Brief" (Sur-Reply at 3), concedes there is no reason for a sur-reply.

Finally, the parties fully briefed the issue of the reformatted server and Avaya's argument that the standards for any sanction were not met both because the server was reformatted well before it had any reason to believe that the server would be relevant to any future litigation and because the Trustee was not prejudiced by the reformatting of the server. (See Op. Br. at 25-33; Ans. Br. at 13-16.)  As set forth in Avaya's Opening Brief and Reply Brief, Avaya had no obligation under law or contract to maintain the server or any documents generated after the Closing.  (See Op. Br. at 30-33; Ans. Br. at 14-16.)  The Sur-Reply, which makes the same arguments the Trustee made in his Answering Brief, fails to identify any obligation to maintain post-Closing accounting records.  (See Sur-Reply at 4-5; Ans. Br. at 12-17.)  The parties fully briefed the issues of the obligation under the APA to maintain copies of records at closing, and the extent to which that obligation was substantially met.

Because the Sur-Reply does not, nor could it, identify any arguments raised in the Reply Brief that were not made in the Opening Brief, Avaya respectfully requests that the Trustee's motion for leave to file a sur-reply be denied.

In the event that, notwithstanding the foregoing, the Court is inclined to grant the

Trustee's motion to file a sur-reply, Avaya respectfully requests the opportunity to respond to the

specific arguments raised in the proposed sur-reply.

Dated:  June 15, 2007

ROSENTHAL, MONHAIT, & GODDESS, P.A.

By:_____
Jeffrey S. Goddess  (Del. Bar No. 630)
919 N. Market Street
Wilmington DE 19801
(302) 656-4433
jgoddess@rmgglaw.com

- and -

SIDLEY AUSTIN LLP
James D. Arden
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendant Avaya Inc.

NY1 6244463v.1

## CERTIFICATE OF SERVICE

I, Jeffrey S. Goddess, hereby certify that on June 15, 2007, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF which will send notification of such filing to

all registered participants. I further certify that I caused a copy of the foregoing document to be

served upon the following persons in the manner indicated:

**First Class Mail**
(Official Committee of Unsecured Creditors)
Christopher A. Ward, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130

**First Class Mail**
Richard Schepacarter, Esquire
Office of the U.S. Trustee
844 King Street, Room 2311
Wilmington, DE 19801

**First Class Mail**
(Official Committee of Equity Security
 Holders)
J. Mark Chevallier, Esquire
McGuire, Craddock & Strother, P.C.
Lincoln Plaza, Suite 3550
500 North Akard
Dallas, TX 75201

**First Class Mail**
Michael S. Etkin, Esquire
Ira M. Levee, Esquire
Lowenstein Sandler PC
65 Livington Avenue
Roseland, NJ 07068

**First Class Mail**
(Official Committee of Equity Security
 Holders)
Thomas E. Biron, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103

**First Class Mail**
(Official Committee of Equity Security
 Holders)
Bonnie Glantz Fatell, Esquire
Blank Rome LLP
1201 Market Street #800
Wilmington, DE 19801-4226

**First Class Mail**
Kimberly E.C. Lawson, Esquire
Reed Smith LLP
1201 Market Street #1500
Wilmington, DE 19801-1163

/s/ Jeffrey S. Goddess
Jeffrey S. Goddess (Del. Bar No. 630)
Jessica Zeldin (Del. Bar No. 3558)
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com
(302) 656-4433