IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| QUINTUS CORPORATION, *et al.*,[1] | : | Case No. 01-00501 (MFW) |
| Debtors. | : | Jointly Administered |
| | : | |
| AVAYA, INC. | : | |
| Appellant/Defendant, | : | C.A. No. 06-769 (SLR) |
| v. | : | Adv. Proc. No. 04-53074 (MFW) |
| KURT F. GWYNNE, CHAPTER 11 TRUSTEE, | : | |
| Appellee/Plaintiff. | : | |

**RESPONSE OF THE CHAPTER 11 TRUSTEE TO
AVAYA, INC.'S CITATION OF SUBSEQUENT AUTHORITY**

Kurt F. Gwynne, Chapter 11 Trustee (the "Trustee"), by and through his undersigned counsel, files this Response of the Chapter 11 Trustee to Avaya, Inc.'s Citation of Subsequent Authority[2] (D.I. 15) and in support thereof respectfully states as follows:

Avaya, Inc. ("Avaya") brings to the attention of this Court portions of a recent Third Circuit opinion on the issue of spoliation of evidence in Hechinger Inv. Co. of Delaware, Inc. v. Universal Forest Products, Inc. (In re Hechinger Inv. Co. of Delaware, Inc.), Nos. 06-2166, 06-2229, 2007 WL 1630004 (3d Cir. June 7, 2007). However, Avaya omits important aspects of

---

[1] The Debtors are the following entities: Quintus Corporation, Mustang.com, Inc., and Acuity Corp.

[2] Avaya, Inc. relies on D.Del.LR. 7.1.2(c) for the authority to submit the subsequent authority. However, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Rules") do not apply to bankruptcy appeals. See In re Flanagan, 999 F.2d 753, 758 n.7 (3d Cir. 1993) ("The Local Rules, adopted pursuant to Federal Rule of Civil Procedure 83, do not apply to proceedings in bankruptcy.").

that decision. The Third Circuit clearly sets forth the standard of review of the Bankruptcy Court's decision to award the spoliation sanction to the Trustee: "[w]e also review the denial of UFP's motion seeking an evidentiary inference based on spoliation of evidence for *abuse of discretion*." Hechinger Inv. Co. of Delaware, Inc. at *3 (emphasis added). Avaya addresses the two Schmid factors discussed in the Hechinger opinion: (1) degree of fault and (2) degree of prejudice. The Hechinger opinion is factually distinguishable from and legally consistent with the instant case.

1. Degree of fault

The Debtors transferred all computers and servers to Avaya on the Closing Date. (APA, § 1.01(a)(ii)). In addition, the Debtors transferred "all books, records, files, and papers, whether in hard copy or computer format[,]" including the accounting system, to Avaya on the Closing date. (APA, § 1.01(a)(viii); See also Sherbet II Trans. at 73 (App. B-12); Maloney Trans. at 66 (App. B-21)). Avaya was contractually obligated "to make copies of all business records and files being transferred to [Avaya] pursuant to [the APA] and to retain such copies for seven years after the Closing." (APA, § 5.05(a)). Avaya's destruction of the Debtors' records, despite this clear contractual obligation to maintain them, shows a significant degree of fault on the part of Avaya. In the Hechinger case, the plaintiff was under no such contractual obligation to maintain the documentary evidence requested by the defendant. This fact alone distinguishes this case from the Hechinger case. In addition, Avaya admits that prior to the destruction of the server it knew that at an absolute minimum that it had not paid at least $138,000 in assumed tax liabilities and $1,199 in assumed trade liabilities. See App. 151-152. In addition, Avaya admitted that at the time that the Bankruptcy Court's opinion was issued that owed in excess of $300,000. (See Opinion at 10, fn. 6). Therefore, unlike in Hechinger, Avaya knew that the information it

destroyed was important and useful to the Trustee and should have anticipated litigation. Accordingly, the Bankruptcy Court did not abuse its discretion in holding that the Trustee had established that Avaya intentionally destroyed evidence at a time that it should have anticipated litigation.

2. Prejudice factor

The Trustee has shown that the evidence destroyed by Avaya was vital to the Trustee's ability to prosecute his case against Avaya.[3] This is not a case where the documentary evidence is limited to correspondence and notes or where it is limited to documents between Avaya and the Trustee, the parties to the litigation. This is a breach of contract case that involves extensive documentary evidence, including without limitation accounting ledgers, sales records, tax records, invoices, notes, vendor files, and correspondence created by multiple entities that are not parties to this litigation, including the Debtors. None of the evidence at issue here was created by or received by the Trustee. This also is not a case where the Trustee could obtain the information from any other source; the information was only obtainable from Avaya.

The Trustee has presented evidence that the bankruptcy schedules were based upon the Debtors' books and records, including the General Ledger. (Thompson Trans. at 154:18-21 (App. B-39); *see also* Thompson Trans. at 146:25-147:13 (App. B-37) and 153:15-21 (App. B-38)). Some of the scheduled liabilities are not reflected in the Aged Payable Ledger. However, those liabilities were reflected elsewhere in the Debtors records, including without limitation sub-ledgers of the General Ledger, invoices, or vendor files. (Thompson Trans. at 154:18-21 (App. B-39); *see also* Thompson Trans. at 146:25-147:13 (App. B-37) and 153:15-21 (App. B-

---
[3] For a complete discussion of the degree of fault and degree of prejudice factors, the Trustee refers the Court to D.I. 10 at 20-39.

38)). In addition, since the Bankruptcy Court adopted Avaya's interpretation of Schedule 1.03, the Trustee is significantly prejudiced by Avaya's intentional destruction and non-production of relevant documents, including the General Ledger (and sub-ledgers contained therein), invoices, and vendor files because he does not have a copy of the General Ledger to review and determine if the filed proofs of claims (or the underlying invoices) were reflected in the Debtors' General Ledger or other documents. (*See e.g.* Nguyen Trans. at 44:1-23 (App. B-47)). Moreover, the Trustee has shown that the 85% of the tax liabilities that Avaya admits it owes and failed to pay were not reflected in the Aged Payable Ledger, but instead would have been recorded in the applicable tax sub-ledgers. (Nguyen Trans. at 33:7-8 (App. 220)). Therefore, the Trustee put forth significant evidence to the Bankruptcy Court to show a clear prejudice to the Trustee by Avaya's destruction of evidence. Accordingly, the Bankruptcy Court's holding that Avaya's destruction of the evidence prejudiced the Trustee was not an abuse of discretion under Hechinger.

Based upon the foregoing, the Hechinger case is factually distinguishable from the instant case. However, the standard of review is the same and like the Third Circuit in Hechinger, this Court should uphold the Bankruptcy Court's decision as it was not an abuse of discretion.

Dated: June 25, 2007  
       Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kimberly E. C. Lawson  
Kimberly E. C. Lawson (No. 3966)  
J. Cory Falgowski (No. 4546)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
E-mail: klawson@reedsmith.com

Attorneys for Kurt F. Gwynne, Chapter 11 Trustee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| QUINTUS CORPORATION, *et al.*,[1] | : | Case No. 01-00501 (MFW) |
| Debtors. | : | Jointly Administered |
| | : | |
| AVAYA, INC. | : | |
| Appellant/Defendant, | : | C.A. No. 06-769 (SLR) |
| v. | : | Adv. Proc. No. 04-53074 (MFW) |
| KURT F. GWYNNE, CHAPTER 11 TRUSTEE, | : | |
| Appellee/Plaintiff. | : | |

**CERTIFICATE OF SERVICE**

I, Kimberly E. C. Lawson, Esquire, hereby certify that on this 25th day of June 2007, I caused a true and correct copy of the *Response of the Chapter 11 Trustee to Avaya, Inc.'s Citation of Subsequent Authority* to be served upon the addressees on the attached service list in the manner indicated.

By: /s/ Kimberly E. C. Lawson
Kimberly E. C. Lawson (No. 3966)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

---

[1] The Debtors are the following entities: Quintus Corporation, Mustang.com, Inc., and Acuity Corp.

**Quintus/Avaya**
**Adversary No. 04-53074 (MFW)**
**Service List**
**Doc. #48363**

**Hand Delivery**
(Official Committee of Unsecured Creditors)
Christopher A. Ward, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130

**First Class Mail**
(Official Committee of Equity Security Holders)
J. Mark Chevallier, Esquire
McGuire, Craddock & Strother, P.C.
Lincoln Plaza, Suite 3550
500 North Akard
Dallas, TX 75201

**First Class Mail**
(Official Committee of Equity Security Holders)
Thomas E. Biron, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103

**First Class Mail**
James D. Arden, Esquire
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

**Hand Delivery**
Richard Schepacarter, Esquire
Office of the U.S. Trustee
844 King Street, Room 2311
Wilmington, DE 19801

**First Class Mail**
Michael S. Etkin, Esq.
Ira M. Levee, Esq.
Lowenstein Sandler PC
65 Livington Ave.
Roseland, NJ 07068

**Hand Delivery**
(Official Committee of Equity Security Holders)
Bonnie Glantz Fatell, Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801-4226

**Hand Delivery**
Jeffrey S. Goddess, Esquire
Rosenthal, Monhait & Goddess, P.A.
Citizens Bank Building, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070

**First Class Mail**
Paul diMaio, Esq.
Avaya, Inc.
Room 3C722
211 Mt. Airy road
Basking Ridge, NJ 07920-0012