IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| QUINTUS CORPORATION, et al.,[1] | : | Case No. 01-00501 (MFW) |
| Debtors. | : | Jointly Administered |
| | : | |
| AVAYA, INC. | : | |
| Appellant/Defendant, | : | C.A. No. 06-769 (SLR) |
| v. | : | Adv. Proc. No. 04-53074 (MFW) |
| KURT F. GWYNNE, CHAPTER 11 TRUSTEE, | : | |
| Appellee/Plaintiff. | : | |

**REPLY OF THE CHAPTER 11 TRUSTEE IN SUPPORT OF MOTION
OF CHAPTER 11 TRUSTEE FOR LEAVE TO FILE SUR-REPLY
IN RESPONSE TO REPLY BRIEF OF DEFENDANT AVAYA IN SUPPORT
OF ITS APPEAL FROM AN ORDER OF THE BANKRUPTCY COURT**

Kurt F. Gwynne, the Chapter 11 Trustee (the "Trustee"), respectfully submits this Reply of the Chapter 11 Trustee in Support of Motion of Chapter 11 Trustee for Leave to File Sur-Reply in Response to Reply Brief of Defendant Avaya in Support of Its Appeal From an Order of the Bankruptcy Court (the "Reply"). In support of the Reply, the Trustee states as follows:

In response to the Motion[2], Avaya, Inc. ("Avaya") argues that the Trustee failed to comply with the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Rules"). See D.I. 16 at 1 and 1, fn. 1. The Local District Rules, however, do not apply to bankruptcy appeals.

---

[1] The Debtors are the following entities: Quintus Corporation, Mustang.com, Inc., and Acuity Corp.

[2] On June 11, 2007, the Trustee filed the Trustee's Motion of Chapter 11 Trustee for Leave to File Sur-Reply in Response to Reply Brief of Defendant Avaya in Support of Its Appeal from an Order of the Bankruptcy Court (the "Motion") (D.I. 14).

- 2 -

Pursuant to Federal Rule of Bankruptcy Procedure 8018, "the district courts may ... make and amend rules governing practice and procedure for appeals from orders or judgments of bankruptcy judges to the respective ... district court consistent with -- but not duplicative of -- Acts of Congress and the rules of this Part VIII. Local rules shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States." See Fed.R.Bankr.P. 8018(a)(1). The Local District Rules do not conform to the uniform numbering system for bankruptcy appeals prescribed by the Judicial Conference of the United States. This nonconformance indicates that the District Court did not intend for the Local District Rules to apply to bankruptcy appeals. If the Local District Rules were actually intended to apply to a bankruptcy appeal, then, for example, pursuant to Bankruptcy Rule 8018(a)(1) and the Uniform Local Rule Numbers, the Local District Rules governing the "form" or "length" of briefs would have been numbered "8010-1" and "8010-3." Based on the foregoing, it is clear that the Local District Rules do *not apply* to bankruptcy appeals. See In re Flanagan, 999 F.2d 753, 758 n.7 (3d Cir. 1993) ("The Local Rules, adopted pursuant to Federal Rule of Civil Procedure 83, do not apply to proceedings in bankruptcy."). Therefore, Avaya's reliance on the Local District Rules in opposing the Motion is without merit.

Since the Local District Rules do not apply, the relief sought by the Trustee must come from the Bankruptcy Rules. As clearly stated in the Motion, the Trustee seeks relief under Bankruptcy Rule 8011, which is the proper authority for seeking relief from this Court to file a sur-reply.

I.  <u>Avaya Improperly Relies Upon Tardily-Produced Documents Excluded by the Bankruptcy Court</u>

In its Reply Brief, Avaya argued that it "never sought to use the 'belatedly-produced documents.'" (Reply Brief at 18). In the Motion, the Trustee sought leave to respond to this false statement as Avaya repeatedly relies on the belatedly-produced documents in this appeal. Now, Avaya incorrectly argues that it appealed the holding of the Bankruptcy Court to exclude the belatedly-produced documents. In addition, Avaya also inaccurately argues that the Trustee's "request that the Court not consider documents relied upon by Avaya in its Opening Brief is new." (D.I. 16 at 2).

Prior to the Reply Brief, Avaya never denied that it used the belatedly-produced documents in support of its arguments in the Bankruptcy Court and in this appeal. Moreover, the Trustee specifically requested that this Court not rely upon the belatedly-produced documents in his Answering Brief. (D.I. 9 at 19). The Trustee's proposed sur-reply is specifically addressing Avaya's newly asserted argument that it "never sought to use the 'belatedly-produced documents.'" (Reply Brief at 18).

Federal Rule of Bankruptcy Procedure 8006 requires a party appealing the bankruptcy court to file a "statement of issues to be presented" on appeal within ten (10) days of the bankruptcy court's order. Fed.R.Bankr.P. 8006. In addition, Bankruptcy Rule 8010 requires that all appellate briefs contain a "statement of the issues presented." Fed.R.Bankr.P. 8010(a)(1)(C). Bankruptcy Rule 8010 also requires that the argument section of the appellant's brief "contain the contentions of the appellant with respect to the issues presented ...." Fed.R.Bankr.P. 8010(a)(1)(E).

On November 20, 2006, Avaya filed Avaya, Inc.'s Designation of Item for Record on Appeal and Statement of Issues on Appeal (the "<u>Statement</u>") (Adv. D.I. 126) listing eight (8)

specific issues Avaya was presenting on appeal to this Court. Of the eight (8) issues presented for appeal, Avaya did not mention any issue regarding the Bankruptcy Court's holding that the belatedly-produced documents were inadmissible. However, Avaya argues that the introductory paragraph to its Opening Brief[3] asserting that it is appealing the "Bankruptcy Court's Opinion 'granting the Chapter 11 Trustee's Motion for Sanctions'" is sufficient under Bankruptcy Rule 8006.

Pursuant to Bankruptcy Rule 8006 a party cannot appeal an opinion, it must appeal an order. See Fed.R.Bankr.P. 8006. Moreover, such a general statement is insufficient to present an issue on appeal. See Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993) ("When an issues is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal."); Lunderstadt v. Colafella, 885 F.2d 66, 78 (3d Cir. 1989) (a "casual statement" cannot preserve an issue on appeal where it is neither contained in the statement of issues on appeal nor in the argument section of the appellate brief"). Therefore, Avaya's attempt to refer this Court to the introductory paragraph is to no avail. In addition, Avaya's failure to assert the specific holding of the Bankruptcy Court relative to the belatedly-produced documents in its Statement and its Opening Brief is fatal. Accordingly, Avaya cannot rely on the excluded documents in arguing the issues that are properly before this Court on appeal.

Based upon the foregoing, the Trustee should be permitted to file the sur-reply to address the new arguments raised by Avaya regarding the belatedly-produced documents.

---

3   On April 9, 2007, Avaya filed its Opening Brief of Defendant Avaya in Support of its Appeal from an Order of the Bankruptcy Court (the "Opening Brief") (D.I. 7) and Appendix to Opening Brief of Defendant Avaya in Support of its Appeal from an Order of the Bankruptcy Court (the "Opening Appendix") (D.I. 8).

II.   <u>Avaya Incorrectly Claims that the Trustee Did Not Address Avaya's Argument Regarding the Claim of the State of Ohio</u>

Avaya next argues that the Trustee is seeking to repeat arguments already made regarding the tax claim of the State of Ohio. However, in the Reply Brief, Avaya argues that "the Trustee does not even address the fact that he and the Equity Committee relied on such information …." (Reply Brief at 2). This is a false statement of material fact. Avaya did not argue that the Trustee's arguments were insufficient or otherwise inadequate to address the arguments or evidence on appeal. Instead, Avaya falsely stated that the Trustee did not address the issue at all. Therefore, the Trustee's sur-reply is required to specifically address Avaya's false statement.

III.   <u>Avaya was Required to Maintain the Information Contained on the Reformatted Server</u>

In the Opposition, Avaya argues that "the parties fully briefed the issue of the reformatted server" and Avaya's arguments that the Trustee failed to establish the requisite degree of fault and prejudice required for a spoliation sanction. The Trustee, however, does not seek to further brief the issues of degree of fault or prejudice in the sur-reply brief. Therefore, Avaya's statements regarding such are inaccurate. The Trustee is only seeking to address the inaccurate and misleading statements of Avaya in its Reply Brief that the intentionally destroyed server only contained information created after the Closing. Despite significant evidence to the contrary, Avaya continues to argue that it "had no obligation under law or contract to maintain the server or any documents generated after the Closing." (D.I. 16 at 3). The Trustee's sur-reply is required to specifically address Avaya's misleading statements regarding the type of information that was intentionally destroyed by Avaya. Therefore, the Trustee should be permitted to file the sur-reply to address Avaya's erroneous statements.

WHEREFORE, the Trustee respectfully requests that this Court grant the Trustee leave to file a sur-reply brief.

Dated: June 26, 2007
       Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kimberly E. C. Lawson
Kimberly E.C. Lawson (No. 3966)
J. Cory Falgowski (No. 4546)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

Attorneys for Kurt F. Gwynne,
Chapter 11 Trustee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | Chapter 11 |
| QUINTUS CORPORATION, *et al.*,[1] : | Case No. 01-00501 (MFW) |
| : | Jointly Administered |
| Debtors. : | |
| AVAYA, INC. : | |
| : | C.A. No. 06-769 (SLR) |
| Appellant/Defendant, : | |
| v. : | Adv. Proc. No. 04-53074 (MFW) |
| KURT F. GWYNNE, CHAPTER 11 : | |
| TRUSTEE, : | |
| Appellee/Plaintiff. : | |

**CERTIFICATE OF SERVICE**

I, Kimberly E. C. Lawson, Esquire, hereby certify that on this 26th day of June 2007, I caused a true and correct copy of the *Reply of the Chapter 11 Trustee in Support of Motion of Chapter 11 Trustee for Leave to File Sur-Reply in Response to Reply Brief of Defendant Avaya in Support of Its Appeal from an Order of the Bankruptcy Court* to be served upon the addressees on the attached service list in the manner indicated.

By: /s/ Kimberly E. C. Lawson
Kimberly E. C. Lawson (No. 3966)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

---

[1] The Debtors are the following entities: Quintus Corporation, Mustang.com, Inc., and Acuity Corp.

**Quintus/Avaya**
**Adversary No. 04-53074 (MFW)**
**Service List**
**Doc. #48363**

**Hand Delivery**
(Official Committee of Unsecured Creditors)
Christopher A. Ward, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130

**First Class Mail**
(Official Committee of Equity Security Holders)
J. Mark Chevallier, Esquire
McGuire, Craddock & Strother, P.C.
Lincoln Plaza, Suite 3550
500 North Akard
Dallas, TX 75201

**First Class Mail**
(Official Committee of Equity Security Holders)
Thomas E. Biron, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103

**First Class Mail**
James D. Arden, Esquire
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

**Hand Delivery**
Richard Schepacarter, Esquire
Office of the U.S. Trustee
844 King Street, Room 2311
Wilmington, DE 19801

**First Class Mail**
Michael S. Etkin, Esq.
Ira M. Levee, Esq.
Lowenstein Sandler PC
65 Livington Ave.
Roseland, NJ 07068

**Hand Delivery**
(Official Committee of Equity Security Holders)
Bonnie Glantz Fatell, Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801-4226

**Hand Delivery**
Jeffrey S. Goddess, Esquire
Rosenthal, Monhait & Goddess, P.A.
Citizens Bank Building, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070

**First Class Mail**
Paul diMaio, Esq.
Avaya, Inc.
Room 3C722
211 Mt. Airy road
Basking Ridge, NJ 07920-0012